[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on CT Page 11413 April 4, 1971 at Agawam, Massachusetts. Her birth name was Weiner.
Both of the parties have been residents of the state of Connecticut for at least one year continuously since the commencement of these proceedings.
The parties have three children, all issue of the marriage, and one of which is a minor, to wit: Kara A. Henry, born June 17, 1981.
From the evidence presented, the court finds that the marriage has broken down irretrievably, there is no prospect of any reconciliation, and a decree of dissolution is hereby entered.
The parties have stipulated that there should be joint custody of the minor child, Kara, with the wife as residential custodian and with rights of visitation granted to the husband.
Both of the parties are forty-seven (47) years of age. The husband is in good health. The wife testified that she suffers from clinical depression. It does not appear to this court that the wife is unable to work full-time because of any illness. She testified that she may require surgery in the near future for "female related problems." She further testified that she has not sought full-time employment.
The wife presently works ten (10) hours a week and earns $20 an hour. She testified that she does not work full-time because Kara requires her support. The court cannot accept this as a valid reason, given the age of the child, the health of the wife, and the work history and her educational background. She also holds a Bachelor's degree from the University of Massachusetts.
The court should note, however, that although the wife has the capacity to earn more money than she is presently earning, her skills are not equal to her husband's. She was the primary "home provider" while the husband ascended the corporate ladder and a degree of financial success which the wife will, perhaps, never equal.
The husband is an engineer with Purdue Frederick. His base salary is $77,000 and has received bonuses in the last two years. The most recent bonus was in December, 1993, in the amount of $7,500. The husband argues that there is no guarantee of future bonuses. This may well be. However, the court will provide for CT Page 11414 such an occurrence in its orders, should such a bonus be received.
The husband also received the use of a company car.
In the summer of 1992, the husband was laid off from his employment with Boehringer Ingelheim. He received $67,000 gross as severance compensation. Much testimony was give by both of the parties relative to the disposition of these funds. Both of the parties appear to agree that the bulk of these funds were spent on the family by mutual agreement. There remains but $4,500 of the original severance amount.
The parties have been separated since January, 1992, a period to date of almost three years. The parties have been married twenty-three and one-half (23-1/2) years.
The 1993 income tax refund check in the amount of $7,800 was entirely converted by the wife to her personal use. The court must consider this in its order of property distribution.
In addition to the above, the husband has paid to the wife the sum of $3,200 per month.
Both of the parties testified as to their respective opinions concerning the cause of the breakdown of the marriage. The court need not recite the allegations, it will merely conclude that the primary cause of the breakdown was a result of the husband's relationship with Marci Britt, which relationship commenced considerably before the husband left the marital home.
Having considered all of the testimony and the provisions of Connecticut General Statutes, Secs. 46b-81, 46b-82, and 46b-84, the court further finds and orders as follows:
1. Custody of the minor child shall be joint with the mother as the residential custodian. The father shall have reasonable and liberal rights of visitation.
2. The father shall pay as support for the minor child the sum of $200 per week, which sum is substantially in compliance with the Child Support Guidelines.
3. The husband shall pay the wife, as periodic alimony, the sum of $1,500 per month, payable one-half on the first of each month, and the balance on the 15th of each month. CT Page 11415
Said periodic alimony shall be paid until the happening of the first of the following events:
(a) death of either party;
(b) remarriage of the wife;
(c) cohabitation by the wife;
(d) twelve years from the date of this decree.
Alimony shall be nonmodifiable as to term.
The court has ordered time limited alimony in light of the fact that the husband, for the past twenty (20) months, has contributed heavily to the support of his family. Further, the wife has the education and skills to increase her income by making a concerted effort. The length of the marriage is but one of the considerations the court examines in determining its order of alimony. Taking all of mandated factors under consideration and given the length of the "time limited" alimony, the court feels that its order is fair and equitable.
4. In addition to the payment of alimony ordered above, the court further orders that the husband, as further support for the wife in the nature of alimony, pay to the wife 20 percent of the gross of any annual bonuses he receives. The length of this alimony payment shall be in accordance with the terms set out in paragraph 3 above, and shall also be deductible by the husband and includable in the wife's income.
5. The parties have failed to provide the court with a request for waiver of an immediate wage garnishment. As a consequence, the court orders that the payment of child support and alimony in paragraph 3 shall be secured by an immediate wage garnishment.
6. The husband shall maintain medical and dental insurance as provided by his employment for the benefit of the minor child. All unreimbursed medical and dental expenses shall be divided equally between the husband and the wife. Any single dental or medical procedure expected to cost more than $500 shall be approved by both parties, unless an emergency exists.
7. The husband shall maintain, for the benefit of his wife, CT Page 11416 for so long as he is obligated to pay alimony, presently existing life insurance in the amount of $100,000. This insurance may not be reduced in principal amount.
8. The husband shall cooperate with the wife in processing any COBRA benefits requested by the wife. The cost of any premium shall be borne by the wife.
9. The husband shall, by quitclaim deed, transfer to the wife all of his right, title and interest in the marital home located at 18 Ashford Lane, Newtown, Connecticut. From the affidavits presented, the court can reasonably find that the property has a present equity value of approximately $78,000.
The wife shall be responsible for the payment of the mortgage, taxes and any and all expenses concerning the operation and maintenance of said home and shall hold the husband harmless. It is the further intention of this conveyance that any capital gains taxes which may be incurred in the future be the sole responsibility of the wife.
10. The husband shall be entitled to keep, free from any claim, his 401K plan with Boehringer Ingelheim and his 401 plan with Purdue Frederick Company.
11. The husband shall assign, by way of a Qualified Domestic Relations Order, 40 percent of the present value of his pension with Boehringer Ingelheim to the wife.
12. The husband shall be entitled to keep any and all savings and checking accounts presently in his name as well as the balance remaining in the "severance" account.
13. The September 12, 1994 order of the court is hereby vacated. The unauthorized use of the wife of the parties' 1993 income tax refund compels this court to conclude that the use of said funds be deemed to have paid the arrearage previously found by this court.
14. Except as otherwise provided, each of the parties shall be responsible for his or her own liabilities.
15. The husband shall, within sixty (60) days, pay to the wife the sum of $2,750 to assist her in the payment of her attorney's fees. CT Page 11417
Mihalakos, J.